NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001020
25-SEP-2015
09:17 AM**

NO. CAAP-14-0001020

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EDWIN DELA CRUZ, Claimant-Appellant, v.
WASA ELECTRICAL SERVICES, INC., Employer-Appellee, and
DTRIC INSURANCE COMPANY, LTD., Insurance Carrier-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2012-334(K) (4-09-01082))

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley And Ginoza, JJ.)

Claimant-Appellant Edwin Dela Cruz (**Dela Cruz**) appeals from the Decision and Order of the Labor and Industrial Relations Appeals Board (**Board**) filed July 14, 2014.

On appeal, Dela Cruz contends the Board erred in:

(1) finding that he was foreclosed from an award of additional permanent partial impairment because he did not request a review of the employer's denial of surgery;

(2) finding that Employer-Appellee Wasa Electrical Services (**Wasa**) was not liable for additional permanent impairment; and

(3) allowing into evidence a "records review" medical report.[1]

---

[1] Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(a) requires that opening briefs not exceed 35 pages. Counsel for Dela Cruz is warned that future violations of HRAP Rule 28 may result in sanctions.

## I. BACKGROUND

On October 14, 2009, Dela Cruz worked as an electrician for Wasa. While walking down the stairs at work, Dela Cruz's left knee buckled and he felt a sharp pain in his left knee (**October 14 injury**). In the WC-1 Employer's Report of Industrial Injury (**Wasa's WC-1**) dated November 4, 2009, Wasa accepted liability for Dela Cruz's October 14 injury.

Prior to the October 14 injury, Dela Cruz had suffered from a left knee degenerative condition and had arthroscopic surgery in 2003.

On November 2, 2009, Richard Goding, M.D. (**Dr. Goding**) examined Dela Cruz and administered an injection for pain control. On December 16, 2009, Kent Davenport, M.D. (**Dr. Davenport**) examined Dela Cruz at Wasa's request. On December 28, 2009, Dr. Goding submitted a treatment plan (**Treatment Plan**) for a total left knee replacement (**knee replacement surgery**). Wasa denied the Treatment Plan on January 4, 2010 based on Dr. Davenport's opinion that the surgery was not required by or related to the October 14 injury. Dela Cruz did not object to Wasa's denial of the Treatment Plan. Dela Cruz elected to have knee replacement surgery in March 2010, covered under his private insurance.

On September 13, 2012, the Disability Compensation Division (**DCD**) awarded Dela Cruz forty-one percent (41%) permanent partial disability and $650.00 for disfigurement. On September 21, 2012, Wasa and its insurer, Insurance Carrier-Appellee DTRIC Insurance Company, Ltd., appealed the DCD's award to the Board. The Board found:

> FINDINGS OF FACT
>
> . . . .
>
> 12. Because [Dela Cruz] did not request a review of [Wasa's] January 4, 2010 denial the Board finds that [Dela Cruz] accepted [Wasa's] denial of the surgery as unrelated to the work injury.
>
> . . . .
>
> 16. The Board credits the opinions of Dr.

Davenport, [Thomas Grollman, M.D.], and [Leonard N. Cupo, M.D. (**Dr. Cupo**)] and finds that the need for total knee replacement was due [sic] the natural progression of a preexisting condition unrelated to the [October 14 injury].

. . . .

CONCLUSIONS OF LAW

. . . .

1. The only evidence of impairment in the record is [James R. Langworthy, M.D.'s] rating, which was based on an unauthorized total knee replacement.

## II. STANDARD OF REVIEW

### A. Review of Agency Decisions

Hawaii Revised Statutes (**HRS**) § 91-14(g) (2012 Repl.) provides:

> (g) Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions; or
>
> (2) In excess of the statutory authority or jurisdiction of the agency; or
>
> (3) Made upon unlawful procedure; or
>
> (4) Affected by other error of law; or
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

See Tause v. State, Dept. of Labor and Indus. Relations, 113 Hawai'i 1, 25, 147 P.3d 785, 809 (2006). Conclusions of law fall within subsections (1), (2), and (4), and are reviewed *de novo* under the right/wrong standard. Id. (citing Potter v. Hawai'i Newspaper Agency, 89 Hawai'i 411, 422, 974 P.2d 51, 62 (1999); Tate v. GTE Hawaiian Tel. Co., 77 Hawai'i 100, 103, 881 P.2d 1246, 1249 (1994)). Findings of fact are reviewed under subsection (5) to determine if the agency was "clearly erroneous

3

in view of reliable, probative, and substantial evidence on the whole record." Tause, 113 Hawai'i at 25, 147 P.3d at 809 (citing Poe v. Hawai'i Labor Relations Bd., 87 Hawai'i 191, 195, 953 P.2d 569, 573 (1998)).

### III. DISCUSSION

### A. Foreclosure of Additional Permanent Partial Impairment Award

Dela Cruz argues the Board erred by finding that his failure to challenge the denial of his request for knee replacement surgery precluded a finding that the conditions warranting the surgery could have been attributable to the October 14 injury. The Board found:

> Because [Dela Cruz] failed to request a review of [Wasa's] January 4, 2010 treatment plan denial, Section 12-15-51(c), Hawaii Workers' Compensation Medical Fee Schedule, deems that [Dela Cruz] accepted such denial.
>
> The legal effect of the unchallenged denial, therefore, is that [Dela Cruz] accepted [Wasa's] denial of surgical treatment for a condition that was considered not related to the accepted left knee injury.

Hawaii Administrative Rules (**HAR**) Section 12-15-51(c) (effective 1/1/96; am 1/1/97; am 12/17/01) states:

> (c) The attending physician or the injured employee may request in writing that the director review the employer's denial of the request for elective surgery. The request for review shall be filed with the director, copying the employer, within fourteen calendar days after postmark of the employer's denial. <u>Failure to file a request for review of the employer's denial to the director within fourteen calendar days after postmark of the employer's denial shall be deemed acceptance of the employer's denial,</u> and the attending physician may not resubmit the same request for the same surgical procedure for forty-five calendar days after postmark of the employer's denial.

(Emphasis added.) By failing to file a request for review of Wasa's denial, Dela Cruz accepted Wasa's denial of Dr. Goding's Treatment Plan, in other words, Dela Cruz accepted Wasa's denial of paying medical fees for the knee replacement surgery, as provided under the Workers' Compensation Medical Fee Schedule. However, by failing to challenge the denial of the Treatment Plan, Dela Cruz did not accept the conclusion that the October 14

4

injury did not cause a permanent partial disability. Therefore, to the extent the Board relied on the "waiver" to conclude that the conditions warranting the surgery were unrelated to the October 14 injury, the Board's conclusion was incorrect. See Tause, 113 Hawai'i at 25, 147 P.3d at 809.

## B. Liability for Additional Permanent Impairment

Dela Cruz argues that "[t]he [Board] erred in finding that although [Wasa] accepted liability for the left knee injury for the date of [sic] accident of Oct. 14, 2009, it was not liable for additional permanent impairment." Additionally, Dela Cruz notes in his opening brief the difference in definition between liability and compensability, but does not clarify how his argument avoids conflation of these two terms. This court gleans Dela Cruz's argument from a similar argument summarized in the Board's Decision and Order:

> [Dela Cruz] argued that [Wasa's] acceptance of "liability" for the [October 14 injury] was broader than an acceptance of "compensability," and was equivalent to [Wasa's] waiver of further objections and should also act as an acceptance of impairment. . . .
>
> According to [Dela Cruz], employers should be considered to have waived their rights to dispute or challenge all future benefits once liability was accepted in a WC-1.

The Board rejected Dela Cruz's argument as unpersuasive.

Liability is defined as "[1] The quality or state of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment . . . . [2] . . . A financial or pecuniary obligation[.]" Black's Law Dictionary 997 (9th ed. 2009). Under either dictionary definition, there is no discernable basis for finding that by accepting liability for Dela Cruz's October 14 injury, Wasa also waived its ability to challenge the compensability of Dela Cruz's physical conditions or a finding of impairment. Nothing in Wasa's WC-1 suggests that Wasa waived future objections. As such, the Board's conclusion was correct. See Tause, 113 Hawai'i at 25, 147 P.3d at 809.

5

## C. Admission of "Records Review" Medical Report

Dela Cruz asserts that the Board erroneously considered and credited the medical opinion of Dr. Cupo. The Board is not "bound by statutory and common law rules relating to the admission or rejection of evidence. The [Board] may exercise its own discretion in these matters, limited only by considerations of relevancy, materiality, and repetition[.]" HAR §12-47-41 (effective Nov. 5, 1981). Thus, this court reviews only whether the Board should have excluded Dr. Cupo's report on grounds of relevancy, materiality, or repetition.

Dela Cruz argues that Dr. Cupo's report should have been excluded from the Board's determination of his appeal because it was not based on a physical examination. However, the Board is permitted to consider any evidence it deems relevant. HAR §12-47-41. Dr. Cupo's report is based on a review of a number of records from examinations between February 23, 2004 through May 4, 2012. In his report, Dr. Cupo wrote, "There is no permanent partial impairment of the left lower extremity related to the left knee attributable to the recurrence of 10/14/09." Dr. Cupo's statements were directly related to the issues in front of the Board and were relevant to the appeal. Therefore, the Board's reliance on Dr. Cupo's report was not incorrect. See Tause, 113 Hawai'i at 25, 147 P.3d at 809.

Dela Cruz also argues that Dr. Cupo made improper legal conclusions rather than medical opinions. Dela Cruz's argument goes to the weight of Dr. Cupo's report, rather than its admissibility. See Akamine v. Hawaiian Packing & Crating Co., 53 Haw. 406, 410-12, 495 P.2d 1164, 1167-68 (1972) (assigning little probative weight to a doctor's testimony that there was no connection between the claimant's death and his employment). Appellate courts "decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings . . . especially the findings of an expert agency dealing with a specialized field." Moi v. State, Dept. Of Public Safety, 118 Hawai'i 239, 242, 188 P.3d 753, 756 (2008) (citing

6

Nakamura v. State, 98 Hawai'i 263, 268, 47 P.3d 730, 735 (2002)). That Dr. Cupo's report may have contained legal conclusions did not render the report inadmissible. In admitting Dr. Cupo's report, the Board was not incorrect. See Tause, 113 Hawai'i at 25, 147 P.3d at 809.

## IV. CONCLUSION

The Decision and Order of the Labor and Industrial Relations Appeals Board filed July 14, 2014 is vacated and this case is remanded for proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, September 25, 2015.

On the briefs:

Stanford H. Masui
Erin B.J.H. Masui
(Law Offices of Masui-Masui
of counsel)
for Claimant-Appellant.

Gary N. Kunihiro
Shawn L.M. Benton
(Leong Kunihiro Benton &
Brooke of counsel)
for Employer-Appellee and
Insurance Carrier-Appellee.

Chief Judge

Associate Judge

Associate Judge